IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JEFFREY MICKENS,                          )
                                          )
        Plaintiff,                       )
                                          )
        v.                               )  Civ. No. 06-61-GMS
                                          )
LT. KENDALL HICKMAN, SGT. BARRY )
BILES, C/O GREG SMITH, C/O BILLY    )
JACKSON, and C/O TEANNA BANKS,    )
                                          )
        Defendants.                      )

**MEMORANDUM**

        The plaintiff Jeffrey Mickens ("Mickens"), a prisoner incarcerated at the Delaware

Correctional Center ("DCC"), Smyrna, Delaware, brings this lawsuit pursuant to 42 U.S.C. §

1983.  He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to

28 U.S.C. § 1915.  (D.I. 4.)  The court now proceeds to review and screen the complaint

pursuant to 28 U.S.C. § 1915 and § 1915A.

**I.    THE COMPLAINT**

        Mickens alleges that his right to be free from cruel and unusual punishment under the

Eight Amendment of the U.S. Constitution was violated when certain named defendants used

excessive force and other named defendants failed to protect him from the excessive force.  More

particularly, he alleges that on October 18, 2005, he was the victim of an assault, and that no

action was taken to prevent the assault.  Mickens  seeks compensatory damages for cruel and

unusual punishment, pain and suffering, and mental anguish and humiliation.

**II.   STANDARD OF REVIEW**

        When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal

under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both these statutes provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a *pro se* complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III.   ANALYSIS

Mickens alleges that his constitutional rights were violated when Lt. Kendell Hickman and Sgt. Barry Biles assaulted him. Mickens alleges that after the excessive force occurred a code (i.e. a call for security staff to respond) was called, and "C/O Jackson who was upstairs the whole time came downstairs after hearing the code called in his own building and stated, "what the hell is going on." (D.I. 2, p. 11.) Mickens alleges that Jackson "was unaware of the whole

incident though he was right up the stairs." *Id.*  Mickens further alleges that Jackson "had a realistic opportunity to prevent" the assault, but "was inactive in stopping it." *Id.* at p. 12.  He goes on to allege, "[i]n fact C/O Jackson who was right up the stairs was completely unaware of what was going on in his own building." *Id.*

Mickens fails to state a claim for failure to protect against C/O Jackson.  To prevail on an Eighth Amendment failure to protect claim, a plaintiff is required to show that (1) he is incarcerated under conditions posing a substantial risk of serious harm (the objective element); and (2) prison officials acted with deliberate indifference, i.e., that prison officials knew of and disregarded an excessive risk to inmate health or safety (the subjective element).  *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994); *see also Griffin v. DeRosam*, 153 Fed.Appx. 851, 2005 WL 2891102 (3d Cir. 2005).  A prison official cannot be found liable "unless the official knows of and disregards an excessive risk to inmate health or safety".  *Id.* at 837.  He must "both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

The complaint does not allege that C/O Jackson was aware or should have been on notice that Mickens was substantially at risk from attack by other prison employees.  Rather, Mickens allegations are quite clear that C/O Jackson was unaware of the alleged assault and had no knowledge of the alleged occurrence until a code was called.  Therefore, Mickens has failed to state a claim against C/O Jackson for failure to protect, and the claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(b)(1).

IV.    **CONCLUSION**

Based upon the foregoing analysis, the claim against the defendant C/O Jackson is

dismissed without prejudice  pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) for failure

to state a claim upon which relief may be granted.  Mickens may proceed with his claims against

the remaining defendants.  An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

June 26 , 2006
Wilmington, Delaware

4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEFFREY MICKENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-61-GMS |
| | ) |
| LT. KENDALL HICKMAN, SGT. BARRY | ) |
| BILES, C/O GREG SMITH, C/O BILLY | ) |
| JACKSON, and C/O TEANNA BANKS, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 26th day of June, 2006, for the reasons set forth in the Memorandum issued this date,

      1.      The claim against the defendant C/O Billy Jackson is DISMISSED without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1)

      2.      The court has identified a cognizable Eighth Amendment claim within the meaning of 28 U.S.C. § 1915 and § 1915A(b) against defendants Lt. Kendall Hickman, Sgt. Barry Biles, C/O Greg Smith, and C/O Teanna Banks.

      IT IS FURTHER ORDERED that:

      1.      The clerk of the court shall cause a copy of this order to be mailed to the plaintiff.

      2.      Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), Mickens shall complete and return to the clerk of the court an **original** "U.S. Marshal-285" form for the **remaining defendants Lt. Kendall Hickman, Sgt. Barry Biles, C/O Greg Smith, and C/O Teanna Banks**, as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON,

DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(C). Mickens has provided the court with one copy of the complaint (D.I. 2) for service upon each remaining defendant. **Mickens is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms for each remaining defendant and the Attorney General of the State of Delaware within 120 days of this order may result in the complaint being dismissed or defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3.     Upon receipt of the completed "U.S. Marshal 285" form(s) as required by paragraph 2 above, the United States Marshal shall serve a copy of the complaint (D.I. 2), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) identified in the 285 forms.

4.     Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

5.     Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6.    No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7.    **NOTE:** *** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

8.    **NOTE:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

UNITED STATES DISTRICT JUDGE

June 26, 2006
Wilmington, Delaware